## LAUER v STATE

Ohio Appeals, 2nd Dist, Fayette Co

No 201. Decided April 5, 1932

W. S. Paxton, Washington, C. H., for plaintiff in error.

Norman L. McLean, Prosecuting Attorney, Washington, C. H., for defendant in error.

witness testified in his direct examination that they were largely made up by his wife from the records. In occasional instances the witness had furnished the information from which the records were made up by the police authorities. The court upon the objection of the defendant, now the plaintiff in error, refused to allow the books to be introduced in evidence. After the State had rested, the record shows, on page 46, that Mr. Paxton recalled Mr. Mayerson. There is no statement which would indicate that he was calling him for cross examination. He was asked as to the police records which had been excluded, and the court excluded the testimony because, according to the statement of Mayerson, he did not make the record. There was considerable examination, but that was the substance of the court's holding, that Mayerson could not testify as to the police records for the reason that he did not make them. The trial court held repeatedly that the entire record might be offered.

We are of opinion that the trial court was correct in his rulings as to the competency of this testimony. We find no prejudicial error and the judgment of the Court of Common Pleas must therefore be affirmed. Judgment affirmed.

KUNKLE, J, concurs.
HORNBECK, J, concurs in judgment.

ALLREAD, J.

The jury had a right to believe or disbelieve the alibi testimony. Upon the whole, the question of the weight of the evidence was for the jury, and the jury having disbelieved the alibi testimony, and having believed the testimony for the State, we are of opinion that the judgment should not be reversed in this court as being against the weight of the evidence.

The next question relates to the objection as to the testimony of Israel Mayerson, the pawn broker from whom the plaintiff in error claimed that he purchased the typewriter. In his first examination by the State, the trial court, upon the objection of the defendant, refused to allow Mayerson to testify as to the police records. The